# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| CARY ELLIS MALONE | CIVIL ACTION NO. 3:14-cv-2440 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN JOHNSON, OUACHITA PARISH CORRECTIONAL CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se petitioner Cary Ellis Malone, an inmate in the custody of the Ouachita Parish Correctional Center (OPCC), filed the instant petition on August 6, 2014. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies prior to seeking *habeas* relief in the federal court.

### *Statement of the Case*

On August 6, 2014, petitioner, a prisoner in OPCC, filed a pro se hand-written pleading entitled "Petition for Writ of Assistance" with the caption, "State of Louisiana vs. Cary E. Malone." He claimed that he "is in imminent danger of physical and emotional harm due to the continuous violations of his U.S. Constitutional Rights ... by Sheriff Jay Russell of the Ouachita Parish Sheriff's Office of Monroe, LA, Chief Quenton Holmes of the Monroe City Police Department in Monroe, LA, Jerry Jones of the Ouachita Parish District Attorney's Office in Monroe, LA, Court Appointed Attorney George W. Britton, III of the Ouachita Parish Office of the Public Defender in Monroe, LA, Probation Officer Ryan Chris, La. State Probation and

Parole Office, Monroe, LA, and Warden Johnson of the Ouachita Parish Correctional Center in Monroe, LA...where he is unlawfully incarcerated..." [Doc. 1] Petitioner outlined the basis for his conclusion that he is unlawfully incarcerated as follows:

1. On December 7, 2012, his "oral communication" was seized without his consent or a court order by an officer of the Monroe Police Department;

2. The same officer– without probable cause or consent --searched petitioner's vehicle and seized a bag containing an unknown substance and arrested petitioner and charged him with possession to with intent to distribute crack cocaine;

3. Petitioner posted a $15,000 bond on December 9, 2012, but was never taken to a 72 hour hearing, although he has "been arraigned numerous times under Docket No. 12 F 3385... [h]e has never been charged by Bill of Information, formally arraigned, nor waived formal arraignment, and has found no record of a grand jury indictment..."

4. Petitioner was arrested again on June 13, 2013, on Warrant No. 13-M1782 which charged him with domestic abuse and which was issued on May 14, 2013, by Judge Rambo and thereafter detained by Probation Officer Chris for probation violation under Docket No. 08-F-1745 that was dismissed on July 20, 2009, by Assistant District Attorney Jones which caused him "to be convicted and sentenced in the assumed plea agreement of a lesser offense to a term of 7 years with 6 years suspended for 5 years probation on August 6, 2009.

5. The revocation of probation was invalid because according to petitioner his probation expired on June 19, 2013, and thus he has been wrongfully continued in custody on a $40,000 bond.

6. Meanwhile, on December 4, 2013, Judge Amman ordered petitioner's discharge from

the custody of the probation officer; nevertheless, he remains in custody under the authority of Warden Johnson without just and probable cause.

He concluded his pleading with an ambiguous prayer for relief, namely the "... relief he may be entitled without prejudice..." [Doc.1]

On August 20, 2014, petitioner filed an amended petition utilizing the form provided for State prisoners seeking habeas relief pursuant to Section 2254. [Doc. 4] In that pleading he indicated that he is seeking habeas relief from his August 6, 2009, conviction for conspiracy to distribute cocaine. According to the petition, he was sentenced to serve 7 years at hard labor, with 1 year suspended. He claims that he was denied liberty without due process; that no warrant was ever issued, and that his right to a speedy trial was violated. He also claims that both bond and fine were excessive and that his continued detention violates the Eighth Amendment's prohibition of cruel and unusual punishment. He concludes by claiming that he is being illegally continued in custody notwithstanding Judge Ammon's order that he be released.

He admits that he has not exhausted state remedies with regard to his claim but claims that he is "illiterate, lacking in judicial intelligence, and the State has not honored my right to effective assistance of counsel..." He claims that the exhaustion process would begin with a grievance which he claims to have submitted to the prison authorities. He claims that the Fourth Judicial District Court refused to respond to pro se pleadings filed by OPCC inmates.

### *Law and Analysis*

State prisoners, such as petitioner, may seek review of their custody under the federal *habeas corpus* statutes pursuant to 28 U.S.C. §§2241 and 2254. Generally, *habeas* petitions filed pursuant to Section 2241 challenge the <u>manner</u> in which a sentence is executed or carried out, or

3

attack the prisoner's custody prior to conviction whereas Section 2254 provides the means to collaterally attack the state court conviction and sentence. *See*, *e.g., Prieser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir.2004) (distinguishing the jurisdiction conferred under § 2241 and § 2254 for purposes of venue); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (distinguishing mechanisms for post-conviction relief under § 2241 and § 2255).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997)*.* In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.  The exhaustion requirement was written into the statute with the passage of the AEDPA. See 28 U.S.C. §2254(b).

4

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by state prisoners, there is no express statutory requirement that the inmate exhaust state court remedies prior to asserting his claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention.  *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

It is not clear whether petitioner seeks to collaterally attack his prior conviction, the revocation of his probation, or whether he is attacking the manner in which his sentence is being executed. In any case, it is clear that he claims that his continued detention is in violation of the Constitution and laws of the United States.  However, before he can litigate his federal Constitutional claims in this Court he must first exhaust available state court remedies, or demonstrate the absence of such remedies.

Petitioner admits that he has not exhausted State court remedies; however, he suggests that such remedies are unavailable.  This claim is dubious at best. It appears from the pleadings and exhibits that he has had no success with his arguments in the Fourth Judicial District Court. Be that as it may, before he can invoke the habeas jurisdiction of this Court, he must first invoke the supervisory jurisdiction of the appropriate Court of Appeals and thereafter, the Louisiana Supreme Court. Petitioner has neither demonstrated exhaustion of state court remedies nor the absence of same and his petition, whether arising under Section 2241 or Section 2254 must be

5

dismissed at this time.[1]

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §§2241or 2254) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies or establish the absence of same.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[1] Petitioner is, or should be well aware of the exhaustion requirement. His prior habeas petition filed pursuant to 28 U.S.C. §2241 was dismissed without prejudice because he failed to exhaust available State Court remedies. *See Malone v. OPCC*, No. 3:14-cv-0782.

Signed in Chambers, Monroe, Louisiana, September 22, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**